## Terhune v. Hill.

1. *Record in the Appellate Court—Sufficiency of Clerk's Certificate.*— Where a clerk's certificate does not show that the record filed contains any order or judgment of the court below, but only that it contains " all the papers designated, numbering from 1 to 52," *it was held* that the judgment and the order allowing an appeal are records and not papers; therefore, under the clerk's certificate, there was no judgment before the court for review.

2. *Records—Fatal Defects.*—Where a record has fatal defects in not showing that the appeal was granted upon one of the days of the term of court from which it was taken, the appeal will be dismissed.

Memorandum.—Appeal from the County Court of Franklin County; the Hon. R. H. FLANNIGAN, County Judge, presiding. Heard in this court at the February term, A. D. 1893, and dismissed. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

W. H. HART, attorney for appellant.

JOHN A. TREECE, attorney for appellee.

OPINION OF THE COURT, SCOFIELD, J.

The clerk does not certify that the record filed in this case contains any order or judgment of the court below; but only that the record contains "all the papers desig-

nated, numbering from one to fifty-two." The judgment
and order allowing an appeal are records, not papers; there-
fore, under the clerk's certificate, there is no judgment
before us for review, neither has any appeal been taken to
this court. It may be observed also that what purports to
be an order allowing an appeal to this court, does not appear
to have been made by the court below in term time. The
case was tried on August 19th, and the memorandum con-
cerning the judgment, which is hardly a judgment in form,
seems to have been made on the same day. Afterward, on
August 23d, an appeal was allowed. The record is fatally
defective in not showing that the appeal was granted on
one of the days of a term of the County Court.

The appeal is dismissed.